No. 22451.

L. G. (BILL) JUMP *v.* RICHARD A. BOARDMAN.

(455 P.2d 206)

Decided June 9, 1969.

GILBERT C. MAXWELL, for plaintiff in error.

HOWARD K. PHILLIPS, PHILIP A. ROUSE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

PLAINTIFF in error, who was defendant in the trial court, will herein be referred to as "Jump" and defendant in error, who was plaintiff below, will be referred to as "Boardman."

Boardman obtained a judgment for $3,370.68 against Jump. Trial was to the court and Jump seeks reversal of the adverse judgment.

Boardman's complaint claimed relief in the nature of a partnership accounting and dissolution. Jump denied each allegation of the complaint and affirmatively alleged an accord and satisfaction. At the conclusion of the trial, the court found that a partnership did exist between the parties; that there was no accord and satisfaction; and that Boardman was entitled to an accounting from Jump. The court then appointed a certified public accountant as a referee to examine the books and records of the business to determine the amount, if any, due and owing Boardman by Jump. The referee's report indicated there was due and owing Boardman as of May 1, 1960, the sum of $3,370.68. The court entered findings of fact, conclusions of law, and judgment in favor of Boardman and against Jump.

A motion for new trial was filed on behalf of Jump, asserting as error that the damages awarded were excessive and not supported by the evidence. The motion was denied.

Jump asserts as grounds for reversal here that the judgment was not supported by the evidence.

No salutary purpose would be served by a detailed analysis of the evidence presented by the parties in support of or in opposition to Boardman's claim that in fact a partnership existed and he was entitled to an accounting. The evidence was in dispute as to whether there was a partnership. There was no written agreement. This matter was resolved in favor of Boardman upon oral testimony and documentary evidence consisting

of the records of the business. There was no dispute as to the effective date of termination of the relationship of the parties, which was May 31, 1960; however, the agreement in relation to the termination details, which was not in writing, was in dispute. This, too, was resolved in favor of Boardman upon oral testimony and documentary evidence.

As to the accounting, business records had been maintained in the regular course of business from the date the parties became associated on June 6, 1958, to the date of Boardman's withdrawal on May 31, 1960. It was on the basis of these records that the parties shared the profits equally from the enterprise during the period of their association, and it was by means of these records that the referee determined Jump owed Boardman $3,370.68 as of May 31, 1960, the date of his withdrawal from the business. The Uniform Partnership Law, C.R.S. 1963, 104-1-42, provides that when any partner retires and the business is continued *without any settlement of accounts* as between the retiring partner and the person or partnership continuing the business, such retiring partner shall be entitled to have the *value of his interest* ascertained as of the date of dissolution and shall receive an amount equal to the *value of his interest* in the dissolved partnership. The court specifically found there was no accord and satisfaction and the referee proceeded in accordance with the statute to determine the book value of Boardman's interest as of the date of dissolution.

Jump's main argument concerning the referee's accounting is that it did not take into account the fact that the bulk of the partnership assets consisted of accounts receivable, most of which he contended proved to be uncollectible. Although approximately six years had elapsed from the time of the dissolution to the commencement of the trial, Jump made no accounting to Boardman of the accounts taken over by him. Nor did he offer any records or satisfactory evidence at the trial

concerning the extent to which the receivables had in fact been collected by him.

■ There was substantial competent evidence to support the findings of the trial court, and this court is not permitted to substitute its judgment for that of the trial court. *Harvey v. Irvin,* 156 Colo. 391, 401 P.2d 266.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY concur.